**DILVAR TAYIP**
    **Plaintiff**


**V**                                                 **DOCKET NO. 3:26-cv-00409**
                                                        **Jury (12) Demanded**

**BET MGM LLC**
    **Defendant.**

---

### COUNSEL'S MOTION FOR AN ATTORNEY'S LIEN

---

Appears now the Law Office of Rachel Zamata LLC and files this Motion to assert an Attorneys' Lien pursuant to Tennessee Code Annotated § 23-2-102. The Law Office of Rachel Zamata LLC respectfully moves this Court to recognize and enforce an attorney's lien against any recovery, settlement, or judgment obtained in this action, and in support thereof states:

Plaintiff, Dilvar Tayip, hired the Law Office of Rachel Zamata LLC to assist him with this pending cause of action on, or about, October 30, 2025.

Plaintiff, Dilvar Tayip, signed a contingent fee contract with the Law Office of Rachel Zamata LLC. Said contract is attached hereto as *Exhibit A*.

The Law Office of Rachel Zamata LLC has worked diligently on behalf of the plaintiff, filed the lawsuit, has completed much valuable work in the ongoing litigation of this matter, and has received several settlement offers on Plaintiff's behalf.

The Law Office of Rachel Zamata LLC is contractually entitled to thirty-five percent (35%) of any case resolution amount received on the client's behalf by any subsequent lawyers, because the Law Office of Rachel Zamata LLC has worked diligently on client's behalf, has completed the lion's share of the work that will be required to pursue the case and to bring about solution in the client's favor, and was not discharged for cause. "For cause" has an "objectively reasonable" standard. See, *Hill Boren, P.C. v Paty, Rymer and Ulin, P.C.*, 2013 Tenn. App. LEXIS 184 at 20-25 (Tenn. Ct. App. 2013) (citing *Adams v. Mellen*, 618 S.W. 2d 485 (Tenn. Ct. App. 1981)). If an attorney is discharged without cause, the attorney's fees are the greater of *quantum meruit* or breach of contract. *Id*.

In this particular case the value of attorneys fees spent on this case will likely greatly exceed the contingency fee contractual rate of thirty-five percent (35%) of any settlement offer received on behalf of the client.

The Rules of Professional Conduct, Rule, 1.5, requires that any fee splitting between lawyers be agreed to, in writing, by the client.

The amount sought, in this particular matter, is thirty-five percent (35%) of the amount that this case actually resolves for, if any, on behalf of the plaintiff, plus actual expenses incurred or advanced by the Law Office of Rachel Zamata LLC in pursuit of this litigation on behalf of the plaintiff. It should be noted that Plaintiff has been able to pursue this litigation with no costs or obligations endured by him. While counsel for plaintiff has paid legal research fees, filing fees, copying fees, mileage fees, and parking fees, *et cetera* in pursuit of the client's case.

An attorney is entitled to a lien upon the proceeds of a judgment or settlement for unpaid fees in the action where the services were rendered.

The lien must be publicly filed in the court proceedings in order to be enforceable. See, *Chumbley v. Thomas*, 198 S.W.2d 551, 552 (Tenn. 1947),

The amount of the lien that the Law Office of Rachel Zamata LLC is requesting that this honorable court enforce is: $289.50 in expenses advanced for client's case; and, $276,375.00 in attorney's fees or thirty-five percent (35%) of the gross amount that this case is resolved for by settlement, judgement, or any other case resolution method in accordance with the client retainer agreement.

WHEREFORE, the Law Office of Rachel Zamata LLC respectfully requests an Order of this honorable Court finding that:

A lien — in the amount of $276,664.50 or thirty-five percent (35%) of the gross amount that this case is resolved for by settlement, judgement, or any other case resolution method, — exists, is equitable, and is enforceable.

No funds shall be disbursed by the Defendant / Defendant's Counsel without satisfaction of this properly noticed attorney's lien first.

Respectfully submitted,
LAW OFFICE OF RACHEL ZAMATA, LLC


/s/ Rachel Zamata Odom Swanson
Rachel Zamata Odom Swanson, Esq. (B.P.R. 29328)
3200 West End Avenue, Suite 500
Nashville, Tennessee 37203
rachel@rachelzamatalaw.com
Telephone      615-352-3885
Facsimile      615-601-3118

<u>**CERTIFICATE OF SERVICE**</u>

       I hereby certify that, upon the filing of this document on April 21 2026, a true and correct copy of the foregoing has been sent via the federal court's electronic filing system to:

Kevin Baltz, Esq.

Jeremy Ray, Esq.

BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, P.C.
1600 West End Avenue, Suite 2000, Nashville, Tennessee 37203

kbaltz@bakerdonelson,com

*Counsel for Bet MGM LLC*

and

Seamus Kelly, Music City Law

seamus@musiccityfirm.com

                                  <u>/s/ Rachel Zamata Odom Swanson</u>
                                    Rachel Zamata Odom Swanson, Esq.