# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

|  |  |  |
|---|---|---|
| DILVAR TAYIP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:26-cv-00409 |
| | ) | Judge Waverly D. Crenshaw Jr. |
| BETMGM, LLC, | ) | Magistrate Judge Barbara D. Holmes |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S UNOPPOSED MOTION TO STRIKE RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION & FOR LEAVE TO FILE SUBSTITUTE RESPONSE AND MEMORANDUM IN SUPPORT

Comes now Plaintiff Dilvar Tayip ("Plaintiff"), by and through newly-substituted counsel, and respectfully moves this Court to strike the Response in Opposition to Defendant's Motion to Compel Arbitration (Docket Number ("Dkt. No.") 11 (the "Prior Response")) and for leave to file a substitute response within fourteen (14) days of the Court's ruling on this Motion. Plaintiff's counsel shared a proposed draft of this Motion with Defense counsel, who do not oppose this Motion. In support, Plaintiff states as follows:

## I. INTRODUCTION

Defendant BetMGM, LLC ("Defendant" or "BetMGM")'s Motion to Compel Arbitration was filed on April 13, 2026. (Dkt. No. 7) Plaintiff's response was not due until April 27, 2026, but the Prior Response was filed by former counsel Rachel Zamata Odom Swanson ("Former Counsel") on April 18, 2026. *See,* LCcR 12.01(c)(2); (Dkt. No. 11.) However, Plaintiff had already discharged Former Counsel on April 1, 2026, weeks before any of these filings. (Exhibit 1, Plaintiff's termination emails.) Accordingly, when the Prior Response was filed on April 18, 2026, Former Counsel no longer represented Plaintiff's interests. The Prior Response does not

1

reflect the positions or arguments of Plaintiff's chosen counsel, was prepared without the participation or review of Plaintiff or undersigned counsel, and fails to adequately address the central legal arguments raised in Defendant's Motion to Compel Arbitration. Striking the Prior Response and permitting undersigned counsel to file a substitute response is the appropriate remedy to ensure that Plaintiff receives a full and fair adjudication of a motion that could determine the entire forum for this litigation.

## II. BACKGROUND

1. Plaintiff commenced this action through Former Counsel in the Davidson County Chancery Court on October 6, 2025, asserting claims arising from BetMGM's alleged failure to honor Plaintiff's self-exclusion agreement, including violations of the Tennessee Sports Gaming Act, the Tennessee Consumer Protection Act, breach of contract, negligence, negligent misrepresentation, unjust enrichment, breach of the implied covenant of good faith and fair dealing, and fraud, and appealing the Tennessee Sports Wagering Council's decision on his related administrative complaint. *Tayip v. BetMGM, LLC, et al.*, No. 25-1399-III.

2. On March 6, 2026, the Davidson County Chancery Court entered an Order bifurcating Plaintiff's claims against BetMGM from his cause of action regarding the Tennessee Sports Wagering Council.

3. On April 1, 2026, Plaintiff discharged Former Counsel and retained undersigned counsel to represent him in this matter. (Exhibit 1.)

4. On April 6, 2026, BetMGM removed this matter to this Court. (Dkt. No. 1, Notice of Removal.)

2

5. On April 13, 2026, BetMGM filed its Motion to Compel Arbitration and to Stay Proceedings (Dkt. No. 7), arguing that Plaintiff's claims are subject to a mandatory arbitration clause in BetMGM's Terms of Service and must be submitted to JAMS arbitration.

6. On April 16, 2026, after undersigned counsel was unable to secure the agreement of Prior Counsel to withdraw, Plaintiff submitted a Motion for Substitution of Counsel. (Dkt. No. 10.)

7. On April 18, 2026 — after Plaintiff had already discharged her — Former Counsel filed the Prior Response (Dkt. No. 11) in opposition to BetMGM's Motion to Compel Arbitration, without the knowledge, review, approval, or authorization of Plaintiff or his chosen counsel.

8. On April 21, 2026, this Court entered its Order granting the Motion for Substitution of Counsel, substituting undersigned counsel as attorneys of record for Plaintiff and terminating Former Counsel's status as counsel of record. (Dkt. No. 13.)

9. Undersigned counsel had no opportunity to participate in the preparation or filing of the Prior Response, and the Prior Response does not reflect the arguments and positions that Plaintiff, through chosen counsel, intends to advance in opposition to Defendant's Motion to Compel Arbitration.

**III. ARGUMENT**

      **A.**     **The Court Has Inherent Authority and Authority Under Rule 12(f) to Strike the Prior Response.**

Federal Rule of Civil Procedure 12(f) authorizes the Court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Beyond Rule 12(f), this Court possesses broad inherent authority to manage its docket, control the proceedings before it, and strike filings that are improper or would result in manifest injustice to a party. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); *Stearns v. Consolidation Coal Co.*, No. 3:06-cv-484, 2008 WL 1924242, at *2 (E.D. Tenn. Apr. 29, 2008) (recognizing courts' inherent authority to strike filings to prevent prejudice and ensure orderly proceedings). The Court's inherent authority is particularly appropriate where, as here, a filing was made by counsel who no longer had authority to act on the client's behalf at the time of filing.

### B.  The Prior Response was Not Filed with Plaintiff's Authority.

A client has the absolute right to discharge his attorney at any time, with or without cause. Tenn. Code Ann. § 23-2-103; *Chambliss, Bahner & Crawford v. Luther*, 531 S.W.2d 108, 111 (Tenn. Ct. App. 1975). Although a discharged attorney retains authority to take necessary steps to protect a client's immediate interests pending formal substitution, that limited authority does not extend to filing substantive briefs on dispositive motions that will shape the entire course of litigation. This is particularly true where, as here, the discharged attorney and the client were already in active disagreement about the representation — a dispute serious enough to require a contested motion and Court order to resolve, before the relevant pleadings were even filed.

Plaintiff had already retained undersigned counsel before the Prior Response was filed. Former Counsel filed the Prior Response on April 18, 2026, without the knowledge or authorization of undersigned counsel and without coordinating with Plaintiff's chosen representatives. The Prior Response therefore does not constitute an authorized exercise of the attorney-client relationship and should not be permitted to bind Plaintiff.

4

### C. Allowing the Prior Response to Stand Would Prejudice Plaintiff.

Defendant's Motion to Compel Arbitration is not a routine procedural filing — it is potentially case-dispositive. If granted, it would strip Plaintiff of his chosen judicial forum, his right to a jury trial, and the benefit of Tennessee's statutory damages framework, including the treble damages and attorney's fees available under the Tennessee Consumer Protection Act. The prejudice to Plaintiff would be substantial and irreparable.

The Prior Response as filed does not adequately address the central legal questions raised by Defendant's motion. Most significantly, it does not address the delegation clause contained in Section 28.4.2 of BetMGM's Terms of Service, which BetMGM argues strips this Court of authority to rule on arbitrability in the first instance. Under *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 65 (2019), and *Swiger v. Rosette*, 989 F.3d 501, 505 (6th Cir. 2021), a valid delegation clause requires the arbitrator — not the court — to resolve threshold questions of arbitrability, including unconscionability and scope. The failure to specifically challenge the delegation clause in the Prior Response, as required by *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68–70 (2010), leaves Plaintiff's opposition materially incomplete on the controlling legal issue.

Undersigned counsel have identified additional grounds for opposing BetMGM's Motion that were not raised in the Prior Response, including arguments grounded in the Sixth Circuit's holding in *Sevier County Schools Federal Credit Union v. Branch Banking & Trust Co.*, 990 F.3d 470 (6th Cir. 2021), which applied Tennessee contract law to find no mutual assent to an arbitration provision added to an existing account relationship through a unilateral amendment where the customer was effectively given no meaningful choice. These arguments are directly applicable to the circumstances of this case and are essential to a complete opposition to BetMGM's motion.

Permitting undersigned counsel to file a substitute response will cause no prejudice to Defendant. Defendant's reply deadline has not yet run. A modest extension of time to allow Plaintiff's chosen counsel to file a properly developed opposition does not delay these proceedings in any meaningful way. By contrast, holding Plaintiff to a response that he did not authorize, that his chosen counsel did not participate in preparing, and that fails to raise controlling legal arguments would result in severe and irreparable prejudice.

### D. The Substitution Order Itself Supports Relief.

This Court's Order granting the Motion for Substitution of Counsel recognized that Plaintiff discharged Former Counsel and elected to be represented by undersigned counsel. That order was entered because Plaintiff has a right to counsel of his choosing and that right must be given practical effect. Allowing a filing by discharged counsel to govern the course of litigation on a potentially dispositive motion would render the substitution order a hollow formality. The right to new counsel is meaningful only if new counsel has the opportunity to actually represent the client's interests — including on the motion already pending when the substitution was ordered.

### IV. PROPOSED SCHEDULE

Plaintiff requests leave to file a substitute Response in Opposition to Defendant's Motion to Compel Arbitration within fourteen (14) days of the Court's entry of an order granting this Motion. Plaintiff further requests that the Court extend Defendant's deadline to file a reply by seven (7) days from the date Plaintiff files the substitute response, so that Defendant has a full and fair opportunity to respond to the arguments actually presented by Plaintiff's chosen counsel.

### V. CONCLUSION

For the foregoing reasons, Plaintiff Dilvar Tayip respectfully requests that the Court:

1. Strike the Response in Opposition to Defendant's Motion to Compel Arbitration filed at Docket No. 11;

2. Grant Plaintiff leave to file a substitute Response in Opposition within fourteen (14) days of the Court's ruling on this Motion; and

3. Extend Defendant's deadline to file a reply to seven (7) days from the date of Plaintiff's substitute response.

Respectfully submitted,

/s/ *Seamus Kelly*
Seamus T. Kelly (TN BPR# 032202)
David J. Goldman (TN BPR #035151)
Deji Adeniyi (TN BPR # 042551)
MUSIC CITY LAW, PLLC
1033 Demonbreun Street, Suite 300
Nashville, TN 37203
(615) 200-0682
seamus@musiccityfirm.com
david@musiccityfirm.com
deji@musiccityfirm.com

*Counsel for Plaintiff Dilvar Tayip*

## CERTIFICATE OF CONSULTATION

I hereby certify that on April 22, 2026, a copy of the foregoing was served via electronic mail to opposing counsel, who informed me they do not oppose this motion.

/s/ *Seamus Kelly*
Seamus Kelly

7

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2026, a true and correct copy of the foregoing has been served via electronic mail to:

Kevin C. Baltz (TN BPR No. 022669)
Jeremy D. Ray (TN BPR No. 034407)
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
1600 West End Ave., Suite 2000
Nashville, TN 37203
Phone: 615-726-5566
kbaltz@bakerdonelson.com
jray@bakerdonelson.com

*Counsel for BetMGM, LLC*

*/s/ Seamus Kelly*
Seamus Kelly
